IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF SOUTHERN TOWING COMPANY, LLC, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § | NO. 21-cv-_____ <br><br> RULE 9(h) ADMIRALTY <br> NON-JURY |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Plaintiff Southern Towing Company, LLC ("Plaintiff"), as owner and operator of the M/V BAXTER SOUTHERN, files this Complaint for Exoneration from or Limitation of Liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq.* In support of this Complaint, Plaintiff alleges the following:

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Admiralty Rules.

2. Venue is proper within the United States District Court for the Eastern District of Missouri pursuant to Rule F of the Supplemental Admiralty Rules, because the M/V BAXTER SOUTHERN is presently navigating on the Upper Mississippi River within the eastern boundary of the State of Missouri, which places it within this district. FED. R. CIV. P. SUPP. ADMIRALTY R. F(9).

3. This Complaint is filed within six months of Plaintiff's receipt of the first written notice of claim and is therefore timely filed.

4.  At all material times, Plaintiff was and is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Memphis, Tennessee. At all material times, Plaintiff was the owner and operator of the M/V BAXTER SOUTHERN.

5.  At all material times, the M/V BAXTER SOUTHERN ("the Vessel"), bearing Official Number 506453, was a 120' x 35' towing vessel of the United States. At all material times, the Vessel was tight, staunch, strong, fully and properly equipped, supplied, and crewed, in all respects seaworthy and fit for the service for which it was engaged.

6.  On or about November 13, 2021, the M/V BAXTER SOUTHERN was navigating downbound on the Upper Mississippi River, on a voyage from Pine Bend, MN to Donaldson, LA, with a tow of four empty tank barges arranged in two strings of two barges each. The Vessel and tow were on a course that would require them to lock through Lock and Dam No. 19, in or near Keokuk, IA.

7.  When the Vessel and its tow were in the vicinity of Montrose, Iowa, at approximately 11:30 p.m., wind and weather conditions on that area of the river were extreme, with very high winds from a southerly direction and cold temperatures that produced snow and/or sleet.

8.  As a result of the high winds and weather conditions and the presence of other towboats and barges between the Vessel and Lock No. 19, which created a delay in lockage, the Vessel and tow required a place to hold up against the Iowa shore of the river to await its lockage turn through Lock and Dam No. 19.

9.  The pilot of the Vessel selected the Iowa shore in the vicinity of river mile 372 as a suitable location to hold up the navigation of the Vessel as a result of the high winds and lockage delay.

10. In the process of navigating the Vessel and its tow of barges into position for temporarily holding up during the high wind conditions, a coal train owned and/or operated by BNSF Railway, consisting of two locomotives pulling more than 100 rail cars, is alleged to have made contact with the forward port corner of the lead barge in the port string of the Vessel's tow of barges ("the alleged Incident"), allegedly resulting in damage to the locomotives and several coal cars, alleged personal injuries to crew members of the locomotive(s), and potential damage to the environment, as well as other actual, alleged, or potential damages.

11. The alleged Incident occurred as a result of the installation and placement of railroad tracks and resulting operation of trains unreasonably close to the Iowa shore of the Upper Mississippi River in the vicinity of the alleged Incident, which interfered with navigation on the river and thereby created an unreasonable risk of such incidents, the negligence of those operating the train, and/or other fault of BNSF Railway to be discovered and developed during pendency of this action.

12. The M/V BAXTER SOUTHERN was not damaged, lost, or abandoned as a result of the alleged Incident.

13. Plaintiff has not been sued as a result of the alleged Incident, and the M/V BAXTER SOUTHERN has not been arrested or attached in any suit brought in connection with any claims arising from the alleged Incident.

14. All alleged resultant losses, injuries, and/or damages resulting from the alleged Incident were not caused or contributed to by any fault, neglect, lack of due diligence, negligence or want of due care on the part of Plaintiff or of any person for whose acts Plaintiff is responsible, nor was the M/V BAXTER SOUTHERN in any respect unseaworthy.

15. Plaintiff denies that it or the M/V BAXTER SOUTHERN, or any person or property for whom or which it may be responsible, is liable to any extent in the premises.

16. Plaintiff further alleges that it has valid defenses to the merits of any and all claims arising from the alleged Incident. Plaintiff specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. § 30501 *et seq.* and all statutes amendatory thereof and supplementary thereto.

17. Plaintiff claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the alleged Incident.

18. As shown in the Declaration as to Value by Timothy C. Johnston, attached as Exhibit 1 and incorporated by reference, as of November 13, 2021 the value of the M/V BAXTER SOUTHERN was $2,350,000.

19. As of November 13, 2021, there was freight pending in the amount of $114,562.50 for the M/V BAXTER SOUTHERN, as shown by the Declaration as to Pending Freight by Stephen Kelley, attached as Exhibit 2.

20. The claims against Plaintiff arising out of the alleged Incident are reasonably expected to exceed the value of the M/V BAXTER SOUTHERN after the alleged Incident and its pending freight.

21. In the alternative to exoneration from any liability as a result of the alleged Incident, and in the event Plaintiff and/or the M/V BAXTER SOUTHERN are held liable by reason of the alleged Incident, Plaintiff claims the benefits of the Limitation of Liability Act, 46 U.S.C. §30501 *et seq.*, and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, and/or destruction resulting from the alleged Incident occurred without the privity or knowledge of Plaintiff.

22. Plaintiff is prepared to submit to the Court an *Ad Interim* Stipulation of Value for its interest in the M/V BAXTER SOUTHERN, or other approved security for such value, plus the

freight pending after the alleged Incident during the aforesaid voyage, with interest at the rate of six percent (6%) per annum from the date of the deposit of the security, as may ascertained and determined to be necessary under any orders of this Court.

23.     Pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Plaintiff is required to furnish security for costs. Accordingly, Plaintiff files simultaneously herewith, a deposit for costs in the amount of $500.00, in lieu of filing a cost bond, to be deposited into the Registry of the Court.

24.     So far as is known to the Plaintiff, there are no demands or unsatisfied liens or claims, in contract or tort or otherwise, arising on the voyage except for such claims that arise from the alleged Incident.

25.     Pursuant to 46 U.S.C. § 30501 *et seq.*, Plaintiff is entitled to have all claims and issues concerning the alleged Incident consolidated into a single proceeding before the United States District Court for the Eastern District of Missouri sitting in Admiralty.

WHEREFORE, Plaintiff respectfully prays that:

1.     The Court will, in due course, upon motion of any interested party, cause due appraisal to be made of the value of the M/V BAXTER SOUTHERN after the alleged Incident;

2.     The Court upon written motion shall enter an order directing Plaintiff to post other appropriate security for the value of its interest in the M/V BAXTER SOUTHERN and its pending freight, with a surety approved by the Court, but until such time, the Ad Interim Stipulation submitted by Plaintiff shall be deemed appropriate security;

3.     The Court will issue a notice to all persons, firms, associations, or corporations asserting claims with respect to which Plaintiff seeks exoneration from liability, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court, and to serve on the attorneys for Plaintiff a copy thereof, on or before the date to be set in the Notice, and if any

claimant desires to contest either the right to exoneration from liability, or the right to limitation of liability, that claimant shall file and serve on the attorneys for Plaintiff an Answer to the Complaint on or before the same date;

4. The Court will enjoin the prosecution of any and all actions, suits or proceedings which may be commenced, of any nature or description whatsoever in any jurisdiction against Plaintiff, the Vessel, or any other property of Plaintiff or against Plaintiff's employees or underwriters, except in this action, to recover for damages from or with respect to any bodily injury, death, damage to property or other loss or destruction resulting from the alleged Incident, or arising out of said voyage;

5. The Court will adjudge that Plaintiff is not liable to any extent for any bodily injury, death, or property damage, loss of use or other loss, damages, or destruction resulting from the alleged Incident, or done, occasioned, occurred, or arising out of said voyage or any other incidents that occurred on said voyage;

6. Alternatively, and only if Plaintiff shall be adjudged liable, then Plaintiff prays that such liability for any bodily injury, death, damage, loss of use to property or other loss, damages, or destruction and consequences of the alleged Incident or said voyage shall be limited to the amount or value of Plaintiff's interest in the M/V BAXTER SOUTHERN after the alleged Incident or at the end of said voyage, plus pending freight, and that Plaintiff be discharged therefrom, upon surrender of such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Plaintiff has prayed herein, saving to all parties any priorities to which they may be legally entitled, and that a decree shall be entered discharging Plaintiff from all further liability; and

7. That Plaintiff have such other relief as it may be entitled at law, in equity, or in admiralty.

        Respectfully submitted,

        **GOLDSTEIN and PRICE, L.C**.

        By /s/ Robert Nienhuis
        Robert Nienhuis Bar No. 27493MO
        Jacob C. Curtis Bar No. 63771MO
        One Memorial Drive, Suite 1000
        St. Louis, MO 63102
        Telephone: (314) 516-1700
        Fax: (314) 421-2832
        robert@gp-law.com
        jacob@gp-law.com

        and

        **CLARK HILL**
        /s/  F. William Mahley (will seek admission *pro hac vice*)
        Texas Bar No. 12836740
        wmahley@clarkhill.com
        909 Fannin Street, Suite 2300
        Houston, Texas 77010
        Telephone:     713.951.5600
        Facsimile:      713.951.5660

        and

        **CLARK HILL**
        */s/ David James* (will seek admission *pro hac vice*)
        David James
        Texas Bar No. 24032467
        2615 Calder Avenue, Suite 240
        Beaumont, Texas 77702
        Telephone: (409) 351-3800
        Facsimile:  (409) 351-3888
        djames@clarkhill.com

        **ATTORNEYS FOR PLAINTIFF**
        **SOUTHERN TOWING COMPANY, LLC**